## GEORGE HAYDEN, ADMINISTRATOR,
### v.
## MARTHA HENDERSON.

*Claim against Estate for Services in Family of Deceased—Gratuitous Services—Presumption—Burden of Proof—Instructions—Evidence—Question for Jury.*

1.  The fact that a person residing with another has rendered gratuitous services raises no presumption that subsequent services of different character and rendered under different conditions are also gratuitous.

2.  Where evidence tends to show that a claimant against an estate lived with the deceased as a member of her family, the burden is upon the claimant to show otherwise.

3.  Instructions which contain all that is really applicable and important, although not every instruction is itself entirely accurate, are sufficient.

4.  In the case presented, the sole question being whether the claimant was a member of the family of the deceased, it is *held:*  That said question was for the jury, and that certain evidence touching the circumstances of the claimant, the intention of the deceased to make some provision for her and the value of her services and provisions furnished, is not objectionable.

[Opinion filed November 20, 1886.]

IN ERROR to the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding.

Mr. A. A. LEEPER, for plaintiff in error.

The claimant having rendered services gratuitously to the deceased for several years prior to the time for which she claims pay, she can not charge for services afterward, in the absence of an express contract or notice to the deceased. Woolsey v. White, 7 Ill. App. 277.

The relations existing between plaintiff and deceased were those existing between members of the family, and before a recovery in such case can be had, an express contract must be shown.  Woolsey v. White, 7 Ill. App. 277; Neely v. Rich, 7 Ill. 116; Dunlap v. Allen, 90 Ill. 108.

In the Illinois Linen Co. v. Hough, 91 Ill. 67, where two

instructions were given, one for each of the parties—one stating an erroneous rule and the other a correct one—the court held that the giving of the correct instruction would not cure the error where the jury were left at liberty to follow either instruction, unenlightened as to which was the law. Quinn v. Donovan, 85 Ill. 194; Cumins v. Leighton, 9 Ill. App. 186.

Each instruction should be correct in itself and applicable to the facts. Sweet v. Leach, 6 Ill. App. 212.

Mr. E. G. WILSON, for defendant in error.

PLEASANTS, P. J. This was a claim filed in the County Court by defendant in error for services rendered and goods furnished to the deceased in her lifetime, from March 1, 1881, to April 1, 1884. It was taken by appeal to the Circuit Court, where a verdict was returned in favor of the claimant for $400. A new trial was refused and judgment entered, to reverse which the administrator prosecutes this writ of error.

The deceased owned and was occupying by herself a house in Jacksonville, when, in 1877, the claimant, who was her widowed daughter-in-law, with two young children, came to live with her and so remained until her death in April, 1884. At whose instance or upon what understanding she came, does not positively appear. The evidence fails to show any express agreement between them in relation to wages, but it tends to prove that while she only assisted in the general house work until the spring of 1881, when the old lady's health and strength failed almost entirely, she thereafter virtually did it all, besides supporting and nursing the deceased so long as she lived. She took in work, went out to work, made and sold laces, and with means so obtained supplied the table and other necessities of the household. The value of what she did and furnished for the deceased was variously placed by witnesses, from $2.50 to $5 per week.

The court instructed the jury, in effect, that from the knowledge and acceptance of these services and provisions, they might, if they saw fit, infer a request, and thereupon

the law would imply a promise to pay for them what they were reasonably worth, unless a preponderance of all the evidence showed they were gratuitous, as to which the burden of proof was upon the defendant.

Plaintiff in error concedes that these instructions would have been substantially correct if the services had begun in 1881, but assuming that those previously rendered were gratuitous for whatever reason, insists that the law would presume those following were gratuitous, also, and that the burden was upon the claimant to show they were not, by proof of an express promise to pay or of notice in advance that she intended to charge for them.

Upon that hypothesis the court did so instruct for the defendant and, as we think, erred therein. Such would be the rule provided the services before and after March, 1881, were of the same general character and rendered under substantially like conditions. But no evidence was offered as to the terms of service before 1881, and if it had appeared that they were gratuitous, the conditions were then materially changed. We hold, however, that so far as the evidence on the part of the claimant tended to show that she lived with the deceased as a member of her family, if it did so tend, the burden was upon her to explain, overcome or avoid it by a preponderance.

The jury were also instructed that if her relations to the deceased were those of a member of the family she could not recover without proof of an express contract.

Thus, all that was really applicable and important was given, and although not every instruction was of itself entirely accurate as to the burden of proof in the condition above indicated, which was practically unimportant, we can not doubt that they conveyed to the minds of the jury a clear and correct idea of the issues and of the law.

Aside from the instructions there were three rulings to which the defendant took exception: 1. Witnesses were allowed to estimate the value of the services rendered and of the provisions furnished separately, and it is said that the services also included the provisions. We think otherwise.

2. The testimony of one witness offered to show that when claimant came to live with deceased she was very poor and felt unable to keep a home of her own. This might well have been received, but her own repeated admissions to the same effect were · received and not denied, so that no harm could have been done by the exclusion complained of. 3. A witness was allowed to testify that deceased told her she intended to make some provision for the claimant by will.

If this was improper it would seem to us to have been favorable to the defendant, implying more strongly that she was not, than that she was, according to her own understanding, under any contract or legal obligation to her.

The sole question was whether the parties understood the relations of claimant to be those of a member of the family. It was to be determined upon circumstantial evidence alone, and we agree it was a hard one. The jury may not have reached the right conclusion, but it was for them to judge and we see no sufficient reason for interfering with it.

*Judgment affirmed.*